**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **TexasFile, LLC.** | |
| **Plaintiff,** | |
| **v.** | **CIV. A. NO. 4:13-cv-00635** |
| **Tyler Technologies, Inc.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**DEFENDANT TYLER TECHNOLOGIES, INC.'S ANSWER AND ADDITIONAL
DEFENSES TO PLAINTIFF TEXASFILE, LLC'S ORIGINAL COMPLAINT**

Defendant Tyler Technologies, Inc. ("Tyler Technologies"), for its Answer and Additional Defenses to Plaintiff TexasFile, LLC's ("TexasFile") Original Complaint for trademark infringement, states as follows

**PARTIES**

1.      Tyler Technologies denies that TexasFile maintains its principal place of business at 9555 Lebanon Road, Suite 503, Frisco, Texas 75035.  Based on filings submitted to both the Texas Secretary of State and the United States Patent and Trademark Office, TexasFile's principal place of business is 520 Lawrence Street, Corpus Christi, Texas 78401.  Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 of the Complaint, and on that basis denies them.

2.      Tyler Technologies denies it is "doing business as" TexFile.com, but admits that it has operated an e-filing portal named TexFile on behalf of the Texas Office of Courts Adminstration (Texas "OCA").  At no time has Tyler Technologies registered to do business as TexFile.com.  Tyler Technologies further denies that its principal place of business is located at

5949 Sherry Lane, Suite 1400, Dallas, Texas 75225.  Its current principal place of business is 5101 Tennyson Parkway, Plano, Texas 75024.  Tyler Technologies admits it is a corporation organized under the laws of Delaware, and that service of process may be effected upon its registered agent, Capital Corporate Services, Inc. at 800 Brazos, Suite 400, Austin, Texas 78701.

## JURISDICTION AND VENUE

3.      If TexasFile has standing to assert the alleged trademarks at issue in this case, Tyler Technologies admits that this Court has subject matter jurisdiction over the federal and state trademark allegations alleged in the Complaint pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).   Tyler Technologies further admits that TexasFile alleged trademark infringement pursuant to 15 U.S.C. § 1051, *et seq.* in the Complaint.  Tyler Technologies denies the remaining allegations of Paragraph 3 and specifically denies committing any act of trademark infringement, unfair competition, dilution or cybersquatting.

4.      Tyler Technologies admits that under the specific facts alleged in the Complaint, it is subject to personal jurisdiction.  Tyler Technologies denies the remaining allegations of Paragraph 4 and denies committing any act of trademark infringement, unfair competition, dilution or cybersquatting.

5.      Tyler Technologies admits that under the specific facts alleged in the Complaint, venue is legally proper in this Court.  Tyler Technologies denies the remaining allegations of Paragraph 5 and denies committing any act of trademark infringement, unfair competition, dilution or cybersquatting.

## FACTS

6.      Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, and on that basis denies them.

7.      Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and on that basis denies them.

8.      Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and on that basis denies them.

9.      Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and on that basis denies them.

10.     Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and on that basis denies them.

11.     Tyler Technologies denies that the TexasFile name and design constitute valid and enforceable trademarks under federal and state statutory and common law.   Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint, and on that basis denies them.

12.     Tyler Technologies denies that the TexasFile name and design constitute valid and enforceable trademarks under federal and state statutory and common law.     Tyler

**DEFENDANT TYLER TECHNOLOGIES INC.'S ANSWER,**
**ADDITIONAL DEFENSES AND COUNTERCLAIMS TO**
**PLAINTIFF TEXASFILE LLC'S ORIGINAL COMPLAINT**                                        **PAGE 3**

Technologies is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint, and on that basis denies them.

13.     Tyler Technologies denies that the TexasFile name and design constitute valid and enforceable trademarks under federal and state statutory and common law.   Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Complaint, and on that basis denies them.

14.     Tyler Technologies denies that the TexasFile name and design constitute valid and enforceable trademarks under federal and state statutory and common law.   Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint, and on that basis denies them.

15.     Tyler Technologies denies that the TexasFile name and design constitute valid and enforceable trademarks under federal and state statutory and common law.   Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the Complaint, and on that basis denies them.

16.     Tyler Technologies denies the allegations set forth in Paragraph 16 of the Complaint.

17.     Tyler Technologies denies the allegations set forth in Paragraph 17 of the Complaint.

18.     Tyler Technologies denies it is "doing business as" TexFile.com, but admits that it is a for-profit corporation that provides software and software related service to the public sector, including state, county, and local governments.  Tyler Technologies further admits that it operates www.countygovernmentrecords.com on behalf of some of its clients, which provides online access to county records.  Tyler Technologies denies that it sells for profit copies of county records on www.countygovernmentrecords.com.  Instead, www.countygovernmentrecords.com is a portal used by several counties in six states to provide individuals with access to their filings for a fee assessed by the county, which Tyler Technologies collects and remits to the county.  Tyler Technologies further denies that on September 12, 2012, it registered www.Texas-File.com; www.Tx-File.com; and www.FileTexas.com, but admits that it registered those domains on September 26, 2012.  Tyler Technologies denies the remaining allegations set forth in Paragraph 18 of the Complaint.

19.     Tyler Technologies admits that on October 22, 2012, pursuant to negotiations with the Texas OCA that led to a contract for furnishing the electronic filing system eventually required by the Texas Supreme Court's December 11, 2012, Order, and following consultation with the Texas OCA, it registered the domain www.TexFile.com.  Tyler Technologies further admits that following a consultation with the Texas OCA, it adopted the following design:



Tyler Technologies further admits that the above design is currently displayed on www.TexFile.com.  Tyler Technologies denies the remaining allegations in Paragraph 19 of the Complaint.

20.     Tyler Technologies denies the allegations set forth in Paragraph 20 of the Complaint.

21.     Tyler Technologies admits that a number of county websites currently link to www.TexFile.com for the non-commercial purpose of providing electronic court filing capabilities.  Tyler Technologies denies the remaining allegations in Paragraph 21 of the Complaint.

22.     Tyler Technologies admits that a number of county websites currently link to www.TexFile.com for the non-commercial purpose of providing electronic court filing capabilities.  Tyler Technologies further admits that in December 2012, the Texas Supreme Court mandated electronic filing in civil cases in district courts, statutory county courts, constitutional county courts, and statutory probate courts on a graduated schedule beginning January 2014 through July 2016.  Approximately one month prior to that mandate, the Texas OCA awarded Tyler Technologies the contract for furnishing the electronic filing system eventually required by the Texas Supreme Court mandate.  Tyler Technologies further admits that pursuant to its agreement with the Texas OCA, www.TexFile.com states that it is the "official e-filing system for Texas," and that "all electronic filing will be processed through TexFile, connecting filers with the court system via a web-based portal."  Tyler Technologies denies the remaining allegations in Paragraph 22 of the Complaint.

23.     Tyler Technologies denies the allegations set forth in Paragraph 23 of the Complaint.

## COUNT I

24.     Tyler Technologies refers to and incorporates by reference its responses to Paragraphs 1–23.

25.     Tyler Technologies admits that TexasFile has alleged a cause of action under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Tyler Technologies denies the remaining allegations of Paragraph 25 of the Complaint and specifically denies committing any act in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

26.     Tyler Technologies denies the allegations set forth in Paragraph 26 of the Complaint.

27.     Tyler Technologies denies the allegations set forth in Paragraph 27 of the Complaint.

28.     Tyler Technologies denies the allegations set forth in Paragraph 28 of the Complaint.

29.     Tyler Technologies denies the allegations set forth in Paragraph 29 of the Complaint.

30.     Tyler Technologies denies the allegations set forth in Paragraph 30 of the Complaint.

31.     Tyler Technologies denies the allegations set forth in Paragraph 31 of the Complaint.

## COUNT II

32.     Tyler Technologies refers to and incorporates by reference its responses to Paragraphs 1–31.

33.     Tyler Technologies denies the allegations set forth in Paragraph 33 of the Complaint.

34.     Tyler Technologies denies the allegations set forth in Paragraph 34 of the Complaint.

35.     Tyler Technologies denies the allegations set forth in Paragraph 35 of the Complaint.

36.     Tyler Technologies denies the allegations set forth in Paragraph 36 of the Complaint.

37.     Tyler Technologies denies the allegations set forth in Paragraph 37 of the Complaint.

38.     Tyler Technologies denies the allegations set forth in Paragraph 38 of the Complaint.

39.     Tyler Technologies denies the allegations set forth in Paragraph 39 of the Complaint.

40.     Tyler Technologies denies the allegations set forth in Paragraph 40 of the Complaint.

## <u>COUNT III</u>

41.     Tyler Technologies refers to and incorporates by reference its responses to Paragraphs 1–40.

42.     Tyler Technologies denies the allegations set forth in Paragraph 42 of the Complaint.

43.     Tyler Technologies denies that the TexasFile name and design constitute valid and enforceable trademarks under Texas common law.   Tyler Technologies is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the Complaint, and on that basis denies them.

44.     Tyler Technologies denies the allegations set forth in Paragraph 44 of the Complaint.

45.     Tyler Technologies denies the allegations set forth in Paragraph 45 of the Complaint.

46.     Tyler Technologies denies the allegations set forth in Paragraph 46 of the Complaint.

## COUNT IV: Unfair Competition Under Texas Common Law

47.     Tyler Technologies refers to and incorporates by reference its responses to Paragraphs 1–46.

48.     Tyler Technologies denies the allegations set forth in Paragraph 48 of the Complaint.

49.     Tyler Technologies denies the allegations set forth in Paragraph 49 of the Complaint.

50.     Tyler Technologies denies the allegations set forth in Paragraph 50 of the Complaint.

51.     Tyler Technologies denies the allegations set forth in Paragraph 51 of the Complaint.

## COUNT V: Cybersquatting Under 15 U.S.C. § 1125(d)

52.     Tyler Technologies refers to and incorporates by reference its responses to Paragraphs 1–51.

53.     Tyler Technologies admits that it registered the following domain names: www.Texas-File.com; www.Tx-File.com; www.FileTexas.com; and www.TexFile.com.  Tyler Technologies denies the remaining allegations set forth in Paragraph 53 of the Complaint.

54.     Tyler Technologies admits that it is the current registrant of the following domain names: www.Texas-File.com; www.Tx-File.com; www.FileTexas.com; and www.TexFile.com. Tyler Technologies denies the remaining allegations set forth in Paragraph 54 of the Complaint.

55.     Tyler Technologies denies the allegations set forth in Paragraph 55 of the Complaint.

56.     Tyler Technologies denies the allegations set forth in Paragraph 56 of the Complaint.

57.     Tyler Technologies denies the allegations set forth in Paragraph 57 of the Complaint.

58.     Tyler Technologies denies the allegations set forth in Paragraph 58 of the Complaint.

59.     Tyler Technologies denies the allegations set forth in Paragraph 59 of the Complaint.

60.     Tyler Technologies denies the allegations set forth in Paragraph 60 of the Complaint.

61.     Tyler Technologies denies the allegations set forth in Paragraph 61 of the Complaint.

**JURY DEMAND**

62.     Tyler Technologies admits the Complaint demands a jury trial.

## TEXASFILE'S PRAYER FOR RELIEF

A–G.   Tyler Technologies denies that TexasFile is entitled to any of the relief sought in its Prayer for Relief or any other relief.

## GENERAL DENIAL

Tyler Technologies further denies each allegation contained in the Complaint that is not specifically admitted, denied, or otherwise responded to in this Answer to Plaintiff's Original Complaint.

## TYLER TECHNOLOGIES'S ADDITIONAL DEFENSES

By way of further defenses, Tyler Technologies asserts the following, which apply to each and every claim asserted in the Complaint unless otherwise stated.  By virtue of alleging these further defenses, Tyler Technologies does not assume any burden of proof, persuasion or production not otherwise legally assigned to it.  Tyler Technologies reserves all additional defenses available under Federal Rule of Civil Procedure 8(c), and any other defenses, at law or in equity, that may be available now or in the future based on discovery or any other factual investigation in this case.

## FIRST ADDITIONAL DEFENSE

63.    The Complaint fails to state a claim upon which relief can be granted or fails to plead the allegations with sufficient particularity.

64.    TexasFile's claim for unfair competition fails to state a claim upon which relief can be granted because there is no such cause of action under Texas law.  Alternatively, if there is such a claim under Texas law, TexasFile failed to plead sufficient plausible factual allegations concerning all material elements of the claim.

**DEFENDANT TYLER TECHNOLOGIES INC.'S ANSWER,
ADDITIONAL DEFENSES AND COUNTERCLAIMS TO
PLAINTIFF TEXASFILE LLC'S ORIGINAL COMPLAINT**                                   **PAGE 11**

## SECOND ADDITIONAL DEFENSE

65.    On December 11, 2012, the Texas Supreme Court issued an order mandating electronic filing in civil cases, including family and probate cases, by attorneys in appellate courts, district courts, statutory county courts, constitutional county courts, and statutory probate courts pursuant to a detailed implementation schedule.  The Texas OCA had just weeks earlier awarded Tyler Technologies the contract for furnishing the electronic filing system later required by the Supreme Court's Order.  Pursuant to its negotiations with the Texas OCA, and following consultation with the OCA, Tyler Technologies registered the domain www.TexFile.com, which displays the design identified in paragraph 19, above.

66.    Following the Texas Supreme Court's December 2012 Order, the Texas Judicial Counsel requested that the Texas Legislature lower e-filing fees by adopting a one-time, per-case e-filing fee.  On June 14, 2013, the Texas Legislature passed, and the Texas Governor signed House Bill 2302, which implemented a one-time fee, assessed by the State of Texas at the inception of a lawsuit, for all civil cases.  Pursuant to House Bill 2302, persons who electronically file documents and pleadings will no longer be required to pay any fee to make a filing, except that local governments and appellate courts may assess a $2 fee for each electronic filing if the fee is necessary to recover the actual system operating costs reasonably incurred by the local government or appellate court to accept electronic payment methods or interface with other technology information systems.  The act took effect September 1, 2013.

67.    Because Tyler Technologies began implementing the e-filing system mandated by the Texas Supreme Court on September 1, 2013, any fees assessed or collected in connection with the website are paid to the clerk of the district court, county court, statutory county court, statutory probate court, or justice court, who "shall deposit the court costs and fees collected

**DEFENDANT TYLER TECHNOLOGIES INC.'S ANSWER,**
**ADDITIONAL DEFENSES AND COUNTERCLAIMS TO**
**PLAINTIFF TEXASFILE LLC'S ORIGINAL COMPLAINT**                                   **PAGE 12**

under [the Act] in the appropriate local treasury and remit the court costs and fees to the comptroller in the manner provided by Subchapter B, Chapter 133, Local Government Code."

68.    Furthermore, beginning on December 6, 2013, or soon thereafter, the vehicle for accessing the free e-filing system will migrate from www.TexFile.com to www.eFileTexas.gov. Following that migration, the www.TexFile.com website will re-direct attorneys and other electronic court filers to the www.eFileTexas.gov website and will otherwise be shutdown.  As with www.TexFile.com, the www.eFileTexas.gov website will be used by the OCA for the non-commercial purpose of providing attorneys and citizens free electronic filing services for the State of Texas court system.

69.    TexasFile's claims are barred, in whole or in part, because Tyler Technologies acted in good faith at all times material herein based on all relevant facts and circumstances known to Tyler Technologies at the time it so acted.

## THIRD ADDITIONAL DEFENSE

70.    TexasFile's claims are barred, in whole or in part, because Tyler Technologies and TexasFile are not competitors and do not offer and/or sell their goods and services in the same marketplace.  Accordingly, there can be no consumer confusion or marketplace confusion.

## FOURTH ADDITIONAL DEFENSE

71.    TexasFile's claims are barred, in whole or in part, because the TexasFile name and design are not registerable under the Lanham Act or the Texas Business and Commerce Code.

## FIFTH ADDITIONAL DEFENSE

72.    TexasFile's claims are barred, in whole or in part, because the TexasFile name and design are merely descriptive of the goods and services TexasFile offers.

## SIXTH ADDITIONAL DEFENSE

73.     TexasFile's claims are barred, in whole or in part, because the TexasFile name and design are merely geographically descriptive.

## SEVENTH ADDITIONAL DEFENSE

74.     TexasFile's claims are barred, in whole or in part, because the TexasFile name and design lack secondary meaning and are not distinct.

## EIGHTH ADDITIONAL DEFENSE

75.     TexasFile's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or laches.

## NINTH ADDITIONAL DEFENSE

76.     TexasFile's claims are barred, in whole or in part, by the doctrine of fair use.

## TENTH ADDITIONAL DEFENSE

77.     TexasFile's claims are barred, in whole or in part, because all use of the allegedly infringing marks was non-commercial.

## ELEVENTH ADDITIONAL DEFENSE

78.     TexasFile is not entitled to any remedy, recovery, or damages, at law or in equity, arising out of the claims asserted against Tyler Technologies.

## OTHER DEFENSES RESERVED

79.     Tyler Technologies reserves all affirmative defenses available under Federal Rule of Civil Procedure 8(c), and any other defenses, at law or in equity, that may be available now or in the future based on discovery or any other factual investigation in this case.

## COUNTERCLAIMS

Counter-Plaintiff Tyler Technologies, Inc., asserts the following counterclaims against Counter-Defendants TexasFile, LLC.

### PARTIES

80.     Upon information and belief, TexasFile LLC is a Texas corporation having its principal place of business at 520 Lawrence Street, Corpus Christi, Texas 78401.  TexasFile LLC is a plaintiff in this action and has already appeared.

81.     Tyler Technologies, Inc. is a Delaware corporation, having its principal place of business at 5101 Tennyson Parkway, Plano, Texas 75024.

### JURISDICTION AND VENUE

82.     These counterclaims arise under the Declaratory Judgment Act, for which this Court has jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) and (b), the Lanham Act 15 U.S.C. § 1052 *et seq.*, and the laws of the State of Texas, for which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

83.     TexasFile has submitted to personal jurisdiction and to venue in this District by filing this action.

84.     By its Complaint, TexasFile purports to assert claims against Tyler Technologies for unfair competition, dilution, trademark infringement, and cybersquatting.

85.     Tyler Technologies denies TexasFile's allegations of unfair competition, dilution, trademark infringement, and cybersquatting.  Tyler Technologies contends that the asserted claims of unfair competition, dilution, trademark infringement, and cybersquatting, are invalid and unenforceable against it.

86.     Based on the foregoing allegations, and also based on the allegations in the Original Complaint, which are incorporated by reference herein to show the fact of allegation but

not the truth of the allegation, an actual and justiciable controversy exists between Counter-Plaintiff Tyler Technologies, Inc. and Counter-Defendant TexasFile, LLC concerning these allegations.

### COUNT ONE – DECLARATION OF INVALIDITY OF UNREGISTERED MARKS

87.    Tyler Technologies restates and incorporates by reference each of the allegations of all of the preceding paragraphs.

88.    A substantial and continuing justiciable controversy exists between Counter-Plaintiff Tyler Technologies and Counter-Defendant TexasFile regarding the validity of certain unregistered trademarks that TexasFile has asserted in this action.

89.    TexasFile claims that it is the sole owner of the TexasFile name and design.

90.    TexasFile claims that Tyler Technologies is (1) unfairly competing with TexasFile under the Lahnam Act and Texas common law; (2) diluting the TexasFile name and design under the Texas Business and Commerce Code; (3) infringing the TexasFile name and design under Texas common law; and (4) cybersquatting under 15 U.S.C. § 1125(d).

91.    The TexasFile name and design are not registerable under the Lanham Act or the Texas Business and Commerce Code.

92.    The TexasFile name and design are not inherently distinctive and lack secondary meaning in the marketplace.

93.    The TexasFile name and design are merely descriptive of the goods and services TexasFile offers.

94.    The TexasFile name and design are merely geographically descriptive.

95.     Tyler Technologies seeks and is entitled to a declaration that the TexasFile name and design are not valid and enforceable trademarks for use in providing online access to courthouse documents, county clerk records, public records, land, lease, and mineral records.

### PRAYER FOR RELIEF

WHEREFORE Tyler Technologies prays for the following relief:

1.     That the Original Complaint be dismissed with prejudice and that the Plaintiff take nothing by this action;

2.     Judgment denying any preliminary or permanent injunctive relief in favor of TexasFile and against Tyler Technologies;

3.     Judgment denying TexasFile's request for an award of damages;

4.     Judgment denying TexasFile's request for an award of treble damages;

5.     Judgment denying TexasFile's request for an award of exemplary damages;

6.     Judgment denying TexasFile's request for an accounting;

7.     Judgment denying TexasFile's request for attorneys' fees and costs;

8.     Judgment denying TexasFile's request for an award of prejudgment and post-judgment interest;

9.     Judgment granting Tyler Technologies's counterclaims;

10.    Judgment declaring that the TexasFile name and design are not valid and enforceable trademarks for use in providing online access to courthouse documents, county clerk records, public records, land, lease, and mineral records;

11.    Judgment declaring that this is an exemplary case and awarding Tyler Technologies its costs, expenses, and attorneys' fees incurred pursuant to 15 U.S.C. § 1117 and the Texas Civil Practices and Remedies Code; and

12.     Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Tyler Technologies respectfully demands a trial by jury on all issues and claims so triable.


Dated: November 21, 2013                    Respectfully submitted,


                                            /s/ *Jennifer Klein Ayers*
                                            John F. Sullivan, *Lead Attorney*
                                               Texas State Bar No. 19485010
                                               john.sullivan@klgates.com
                                            **K&L Gates LLP**
                                            1000 Main St.
                                            Suite 2550
                                            Houston, TX  77002
                                            713.815.7330
                                            713.815.7301 *Facsimile*


                                            Craig Budner
                                               Texas State Bar No. 03313730
                                               craig.budner@klgates.com
                                            Jennifer Klein Ayers
                                               Texas State Bar No. 24069322
                                               jennifer.ayers@klgates.com
                                            **K&L Gates LLP**
                                            1717 Main St.
                                            Suite 2800
                                            Dallas, TX  75201
                                            214.939.5500
                                            214.939.5849 *Facsimile*


                                            **ATTORNEYS FOR DEFENDANT
                                            TYLER TECHNOLOGIES INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that pursuant to Local Rule CV-5(a)(3), all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on November 21, 2013.

*/s/ Jennifer Klein Ayers*
Jennifer Kelin Ayers
